**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HEATH GOLDSTEIN** : | |
| : | **CIVIL ACTION NO. 3:17-1510** |
| **Plaintiff** : | |
| : | **(MANNION, D.J.)** |
| v. : | **(CARLSON, M.J.)** |
| : | |
| **ZACHERY BERMAN, et al.** : | |
| : | |
| **Defendant** : | |

### MEMORANDUM

Pending before the court is the report and recommendation ("report") of United States Magistrate Judge Martin Carlson, to which no objections have been filed. (Doc. 5). Judge Carlson's report recommends that the court grant the defendants' motion to dismiss the *pro se* plaintiff's civil complaint. (Doc. 2). Upon review of the report and related materials, the court will **ADOPT** the report and **DISMISS** the complaint.

By way of relevant background, on August 8, 2017, the *pro se* plaintiff, Heath Goldstein, filed the instant civil action, which states in its entirety as follows: "Violation of Pilot's Bill of rights, Extra Expenses incurred as a result of U.S.C. ss 44709. Plaintiff has demanded such relief to which Defendant has refused. Plaintiff seeks Judgment in its favor and against defendants jointly and severly [sic]." (Doc. 1-1). Following removal of this action to federal court, the defendants, Zachery Berman, the United States Department of

Transportation ("DOT"), and the Federal Aviation Administration ("FAA"), filed a motion to dismiss along with a brief in support. (Doc. 2; Doc. 3). The plaintiff never responded to the defendants' motion, and the response deadline has subsequently elapsed without any action by the plaintiff to litigate his claim. (Doc. 5). As a result, the plaintiff was granted additional time to respond to the defendants' motion, but he still failed to respond within this extended timeframe. (Doc. 4). Thereafter, Judge Carlson issued his report, to which the plaintiff never filed any objections. (Doc. 5).

Where no objection is made to a report and recommendation, the district court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also* Univac Dental Co. v. Dentsply Int'l, Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nonetheless, regardless of whether or not timely objections are made, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

As set forth more fully in Judge Carlson's report, the plaintiff has failed to comply with the time constraints imposed by court order and the Local Rules

of Court for the Middle District of Pennsylvania—behavior that constitutes a failure to prosecute under the Federal Rules of Civil Procedure. (Doc. 5). The plaintiff's complaint also fails on its merits as facially insufficient. (Doc. 1-1).

As Judge Carlson's report correctly notes, the plaintiff's failure to oppose the motion to dismiss or to otherwise litigate this case, especially after a specific instruction from the court to do so, is a procedural default under Local Rule 7.6. (Doc. 5). As such, the court deems the plaintiff to have not opposed the motion. (*Id.*). This noncompliance further amounts to a failure to prosecute under the Federal Rules of Civil Procedure due to the plaintiff's complete inaction on his own claims. *See* Fed. R. Civ. P. 41(b). In reaching this conclusion, Judge Carlson properly assessed the six factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Specifically, the plaintiff has repeatedly demonstrated a high level of personal culpability in delaying this litigation on largely meritless claims, resulting in prejudice to the defendants. *See Poulis*, 747 F.2d at 868. Moreover, the plaintiff's status as a *pro se* litigant significantly dampens the potential efficacy of alternative sanctions other than dismissal. *See, e.g.*, *Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008).

On its merits, the three-sentence complaint, even when liberally construed, neither pleads specific facts demonstrating the plaintiff's

entitlement to relief nor sets forth any comprehensible legal theory of recovery. (Doc. 1-1). As Judge Carlson's report indicates, dismissal is also warranted under the Federal Rules due to the complaint's distinct lack of any showing that the pleader is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). "A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8 . . . [where] the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The court has reviewed Judge Carlson's recommended bases for dismissing the instant action. As the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report in its entirety and **DISMISS** the complaint for failure to prosecute. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 2, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1510-01.docx